CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
AUG 29 2005
JOHN F CORCORAN, CLERK
BY
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER L. CHATMAN, ) | |
| Plaintiff, ) | Civil Action No. 7:05CV00407 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| ) | By Hon. Glen E. Conrad |
| SGT. ANDERSON, et al., ) | United States District Judge |
| Defendants. ) | |

The plaintiff, Christopher L. Chatman, a Virginia inmate proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 against five employees at Wallens Ridge State Prison, Sergeant Anderson, Lieutenant Meyer, Sergeant Fields, Captain Snyder, and Sergeant Still. For the following reasons, the court concludes that the plaintiff's claims against Anderson, Meyer, and Still must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), as well as the plaintiff's excessive force claim against Fields.[1] However, the court concludes that the plaintiff's claim that Fields and Snyder forced the plaintiff to withdraw a grievance is sufficient to withstand sua sponte review.

## Factual Background

The plaintiff's claims are based on events that occurred at Wallens Ridge on two separate dates. The plaintiff alleges that on March 10, 2005, Sergeant Anderson and Lieutenant Meyer accused the plaintiff of filing an anonymous complaint that gang members at the prison were planning to harm him. According to the plaintiff, Anderson told other inmates that the plaintiff

---

[1] Section 1915A(b)(1) provides that the court shall dismiss an action as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

was a snitch. Anderson also told the plaintiff that he did not like snitches, and that if it was up to him, the plaintiff would be placed in the A-1 block and dealt with by the plaintiff's peers. However, the plaintiff was ultimately placed in segregation at the direction of the warden.

The plaintiff alleges that on April 17, 2005, he was escorted to the office in the D-4 block and questioned by Sergeant Fields and Captain Snyder. Fields and Snyder attempted to persuade the plaintiff to withdraw a grievance. When the plaintiff refused, Snyder stated that he would have officers assault the plaintiff, that he would set the plaintiff up with a weapon, and that he would make the plaintiff's life "a living hell." Fields subsequently choked the plaintiff until he agreed to withdraw the grievance. The plaintiff further alleges that he experienced neck pain for two days, and that his neck was bruised.

On April 18, 2005, the plaintiff filed an informal complaint regarding the choking incident. The plaintiff asked to have photographs of his neck taken for his medical records. Sergeant Still photographed the plaintiff's neck the following day. Still ultimately determined that the plaintiff's complaint was unfounded. In the plaintiff's claim against Still, the plaintiff alleges that Still "did not render a fair investigation against his superiors."

## Analysis

Section 1983 imposes civil liability on any person acting under color of law to deprive another person of rights and privileges secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. The first inquiry in a case based on § 1983 is whether the plaintiff has been deprived of a constitutional or federal right. Baker v. McCollan, 443 U.S. 137, 140 (1979).

2

1. <u>Plaintiffs Claims Against Anderson and Meyer</u>

As previously stated, the plaintiff alleges that Anderson called him a snitch and suggested that the plaintiff should be placed in the A-1 block and dealt with by his peers. The Eighth Amendment to the United States Constitution imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). Based on this duty, courts have held that, in certain circumstances, prison officials may be held liable for labeling an inmate a snitch. See Northington v. Marin, 102 F.3d 1564, 1567-1568 (10th Cir. 1996) (affirming the judgment entered against a deputy sheriff in a § 1983 action, where the deputy sheriff spread a rumor among inmates that the plaintiff was a snitch, and the plaintiff was subsequently assaulted for that reason); Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (concluding that an inmate's allegations were sufficient to permit the action to be served, where the inmate alleged that prison officials labeled him a snitch and exposed him to inmate retaliation). However, the plaintiff's allegations, even accepted as true, do not rise to the level of a constitutional violation. Although the plaintiff alleges that Anderson told other inmates that the plaintiff was a snitch, the plaintiff was not exposed to retaliation or a risk of assault. The plaintiff acknowledges that he was placed in segregation following the incident at the direction of the warden. Therefore, the plaintiff's allegations are insufficient to state a claim against Anderson.

The plaintiff contends that Meyer, as a higher-ranking correctional officer, "was in a position to correct and prevent" Anderson from making such "unprofessional statements." Having concluded that the plaintiff's claim against Anderson fails as matter of law, the plaintiff's supervisory liability claim against Meyer must also be dismissed. It is well settled that there can

3

be no supervisory liability when there is no underlying constitutional injury. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Temkin v. Frederick County Comm'rs, 945 F.2d 716, 724 (4th Cir 1991); Kopf v. Wing, 942 F.2d 265, 269 (4th Cir. 1991); Belcher v. Oliver, 898 F.2d 32, 36 (4th Cir. 1990).

2. Plaintiff's Claims Against Snyder and Fields

The plaintiff alleges that Snyder and Fields forced him to withdraw a grievance on April 17, 2005.[2] Snyder voiced a variety of threats and Fields choked the plaintiff until he ultimately agreed to withdraw the grievance. While "there is no constitutional right to participate in grievance procedures," Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), it is well established that inmates have a fundamental right to "adequate, effective, and meaningful" access to courts, Bounds v. Smith, 430 U.S. 817, 822 (1977). Depending on the nature of the plaintiff's grievance, Snyder and Fields may have interfered with this fundamental right.[3] Therefore, the plaintiff's claim that he was forced to withdraw a grievance is sufficient to survive the court's sua sponte review.

The plaintiff's allegation that he suffered from neck pain for two days after Field's choked him may be construed as an excessive force claim under the Eighth Amendment. To establish an excessive force claim, an inmate must satisfy two elements: (1) that the prison official acted with a sufficiently culpable state of mind, and (2) that the harm inflicted on the

---

[2] The plaintiff's complaint does not provide any details regarding the grievance at issue.

[3] For instance, pursuant to 42 U.S.C. § 1997e(a), an inmate may not file a § 1983 action pertaining to prison conditions until the inmate exhausts available administrative remedies. If a prison official prevents the inmate from fulfilling this exhaustion requirement, the official would ultimately violate the inmate's right to access the court.

4

inmate was sufficiently serious. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). With respect to the second element, a prisoner "need not show that the force used caused an 'extreme deprivation' or 'serious' or 'significant' pain or injury to establish a cause of action." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). However, absent the most extraordinary circumstances, an inmate must provide proof of more than de minimis pain or injury. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994). In this case, the court concludes that the plaintiff has failed to allege more than de minimus pain or injury. See Taylor v. McDuffie, 155 F.3d 479, 482 (4th Cir. 1998) (abrasions on the wrists and ankles, slight swelling in the jaw area, and tenderness in the rib area considered de minimis); Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) (persistent thumb pain considered de minimis); Marshall v. Odom, 156 F. Supp. 2d 525, 530 (D. Md. 2001) (headache, facial abrasion, numbness, and swelling considered de minimis). Accordingly, the plaintiff's excessive force claim must be dismissed.

### 3. The Plaintiff's Claim Against Still

The plaintiff alleges that Sergeant Still failed to fairly investigate the informal complaint that the plaintiff filed regarding the choking incident. However, the manner in which a grievance investigation is conducted does not give rise to a constitutional claim. See Torres v. Mazzuca, 246 F. Supp.2d 334, 342 (S.D.N.Y. 2003). Therefore, the plaintiff's claim against Still must be dismissed.

### Conclusion

For the reasons stated, the court concludes that the plaintiff has not alleged facts sufficient to establish that Anderson, Meyers, or Still violated his constitutional rights. Therefore, the

5

plaintiff's claims against these defendants will be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(2). Likewise, the court will dismiss the plaintiff's excessive force claim against Fields. However, the plaintiff's claim that he was forced to withdraw a grievance may be sufficient to state an access to courts claim against Fields and Snyder. Therefore, the court will require Fields and Snyder to file an answer to this claim.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants

**ENTER**: This _24th_ day of August, 2005.

_____
United States District Judge

6

Case 7:05-cv-00407-GEC-mfu   Document 9   Filed 08/29/05   Page 6 of 6   Pageid#: 44