CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 29 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER L. CHATMAN,<br>Plaintiff, | )<br>)  Civil Action No. 7:05CV00407<br>) |
| v. | )  **MEMORANDUM OPINION**<br>)<br>)  **By Hon. Glen E. Conrad** |
| SGT. ANDERSON, et al.,<br>Defendants. | )  **United States District Judge**<br>) |

The plaintiff, Christopher L. Chatman, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against five employees at Wallens Ridge State Prison, Sergeant Anderson, Lieutenant Meyer, Sergeant Fields, Captain Snyder, and Sergeant Still. By opinion and order entered August 29, 2005, the court dismissed all of Chatman's claims except his claim that Fields and Snyder forced him to withdraw a grievance. The action is presently before the court on Fields and Snyder's motion to dismiss. For the reasons that follow, the court will grant the motion.

## BACKGROUND

Chatman alleged in his complaint that on April 17, 2005, he was escorted to the office in D-4 block and questioned by Fields and Snyder. Fields and Snyder attempted to persuade Chatman to withdraw a grievance. When Chatman refused, Snyder stated that he would have officers assault Chatman, that he would set Chatman up with a weapon, and that he would make Chatman's life "a living hell." Chatman further alleged that Fields choked him until he agreed to withdraw the grievance.

Upon reviewing the sufficiency of Chatman's allegations, in accordance with 28 U.S.C. § 1915A, the court determined that Chatman's claim that he was forced to withdraw a grievance

was sufficient to survive the court's sua sponte review. The court noted that inmates have a right of access to courts, and that depending on the nature of Chatman's grievance, Fields and Snyder might have interfered with this fundamental right. (Aug. 29, 2005 Op. at 4).

## DISCUSSION

Fields and Snyder have now moved to dismiss Chatman's remaining claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding a motion under this rule, the court must determine "whether the complaint, under the facts alleged and under any facts that could be proved in support of the complaint, is legally sufficient." E. Shore Mkt., Inc. v .J.D. Assoc. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). The court must accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. The court should not dismiss a complaint for failure to state a claim, unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

It is well established that inmates have a fundamental right to "adequate, effective, and meaningful" access to courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). However, in order to prove that this right has been violated, an inmate must show that he has suffered an actual injury or specific harm to his litigation efforts. Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993). Such injury may be shown when an inmate can "demonstrate that a nonfrivolous legal claim has been frustrated or was being impeded." Lewis v. Casey, 518 U.S. 343, 353 (1996).

To support their motion to dismiss, Fields and Snyder argue that the facts alleged in Chatman's complaint fail to demonstrate any actual injury to Chatman's litigation efforts. Fields and Snyder point out that the grievance that they allegedly forced Chatman to withdraw pertained

2

to an incident in which Sergeant Anderson called Chatman a snitch. Chatman asserted a claim regarding this incident as part of the present action.* In the court's previous opinion, the court held that Anderson's actions did not rise to the level of a constitutional violation, since Chatman was not exposed to inmate retaliation or a risk of assault. (Aug. 29, 2005 Op. at 3). Chatman acknowledged in his complaint that after Anderson called him a snitch, he was placed in segregation at the direction of the warden.

Having reviewed Chatman's allegations, the court agrees with Fields and Snyder that Chatman has failed to allege any actual injury to his litigation efforts. Even if Fields and Snyder forced Chatman to withdraw a grievance pertaining to the incident in which he was called a snitch, they did not impede Chatman's ability to challenge the incident in federal court. Chatman ultimately asserted a claim against Anderson as part of the present action. Because Chatman has not alleged facts demonstrating any specific harm to his litigation efforts, his access to courts claim must be dismissed.

## CONCLUSION

For the reasons stated, the court will grant Fields and Snyder's motion to dismiss. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This 28th day of November, 2005.

_____
United States District Judge

---

* Specifically, Chapman alleged that Anderson told other inmates that he was a snitch. Chapman further alleged that Anderson told Chapman that he didn't like snitches, and that if it was up to him, Chapman would be placed in the A-1 block and dealt with by the other inmates.

3